## 55403. WALLACE v. HALL et al.

WEBB, Judge.

While working on a ladder approximately ten feet off the ground at the residence of Mrs. Fred Hall, Thomas H. Wallace fell and injured his back and neck. At the time he was employed by Gary Bracewell, who had contracted to do certain repairs on Mrs. Hall's house. Wallace brought suit against Bracewell and Mrs. Hall, alleging that after he fell he was unable to move and that Bracewell and Mrs. Hall, despite their knowledge of this, moved him to Mrs. Hall's automobile who took him to his residence. He contends that neither defendant was qualified to move him, that an ambulance should have been called to take him to a hospital, that after moving him Mrs. Hall should have taken him to a hospital, that they failed to exercise ordinary care and that as a direct result of their

negligence and failure to exercise ordinary care for his safety and well-being his injuries were aggravated and he has suffered permanent impairment. Mrs. Hall moved for and was granted summary judgment, Wallace appeals, and we affirm.

This appeal does not involve any question as to the liability of Wallace's employer Bracewell, nor has any question been raised as to the liability of the owner for failure to keep the premises up to a particular standard for the benefit of persons thereon. The essence of the complaint is that Mrs. Hall negligently failed to exercise ordinary care in dealing with Wallace after he fell from the ladder on her premises. He concedes that she was under no duty to render aid or assistance (see *Handiboe v. McCarthy,* 114 Ga. App. 541, 543 (4) (151 SE2d 905) (1966)), but argues that once she undertook to do so she was required to exercise "ordinary diligence" as defined by Code § 105-201, or be liable for damages.

While this may have been the rule prior to the enactment of Ga. L. 1962, p. 534 (Code Ann. § 84-930), which is entitled "Emergency Aid to Accident Victims—Relief from Civil Liability" and popularly known as the "Good Samaritan Law,"[1] we conclude that passage of the statute renders the old law no longer applicable to situations such as the one here. This appears to be the first case involving the application and construction of the Act. Wallace insists that because Title 84 of the Georgia Code is entitled "Professions, Businesses, and Trades," the clear intent of the legislature was to protect only *practitioners* who render professional services under an emergency situation from liability for any civil damages. We do not agree.

The statute in Section 1 specifically recites that "*Any person,* including those licensed to practice medicine and surgery pursuant to the provisions of Chapter 84-9 of the Code of Georgia of 1933 and including any person licensed to render services ancillary thereto, who in good faith renders emergency care at the scene of an accident or emergency to the victim or victims thereof without

---

[1] See Luke 10: 29-37.

making any charge therefor, shall not be liable for any civil damages as a result of any act or omission by such person in rendering the emergency care or as a result of any act or failure to act to provide or arrange for further medical treatment or care for the injured person." Ga. L. 1962, p. 534, supra. (Emphasis supplied.) Section 2 is the usual repealer provision of laws in conflict.

While practitioners are included in the Act, it is manifest that "*any person*" who in good faith renders emergency care at the scene of an accident or emergency to the victims thereof "*without making any charge therefor*" is exempt from civil liability as a "good Samaritan." There is no evidence in the record that Mrs. Hall acted other than in good faith, and it is undisputed that she did not attempt to charge for her services. Having established the nonexistence of any genuine issue of material fact and that Wallace was not entitled to recover from her under any theory raised, summary judgment was demanded for Mrs. Hall.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED MARCH 6, 1978 — DECIDED APRIL 6, 1978.

*Maurice Byers,* for appellant.
*Jones, Jones & Hilburn, Paul J. Jones, Jr., W. W. Larsen, Jr.,* for appellees.