O’Donnell, J.
{¶ 1} Dennis Carter and his wife, Mary, appeal from a judgment of the Twelfth District Court of Appeals that affirmed the trial court’s grant of summary judgment in favor of Larry Reese Jr. in connection with an action they filed for injuries Carter sustained when Reese attempted to move a tractor-trailer that had pinned Carter’s leg between the trailer and a loading dock.
{¶ 2} Ohio’s Good Samaritan statute states:
No person shall be liable in civil damages for administering emergency care or treatment at the scene of an emergency * * *, for acts performed at the scene of such emergency, unless such acts constitute willful or wanton misconduct.
*227 R.C. 2305.23.
{¶ 3} In this case, Carter told Reese to pull the tractor-trailer forward in order to free his leg, but when Reese attempted to do so, the truck rolled backward, resulting in serious injury to Carter.
{¶ 4} “Administering emergency care” is a broad phrase that includes rendering medical and any other form of assistance to the safety and well-being of another when the result of an unforeseen combination of circumstances calls for immediate action. Therefore, because Reese administered emergency care at the scene of the emergency and because the statute expressly states that no person shall be liable in civil damages for acts performed at the scene of such emergency, and because no allegation of willful or wanton misconduct has been asserted against him, pursuant to Ohio’s Good Samaritan statute, Reese is not liable in civil damages, and we affirm the judgment of the court of appeals.
Facts and Procedural History
{¶ 5} On April 24, 2012, Carter, a truck driver for S & S Transport, Inc., pulled a tractor-trailer into the loading dock at AIC Contracting, Inc., in Fairfield, Ohio, to deliver an empty trailer and to pick up another. After attaching the second trailer, he pulled his truck about four to six inches away from the loading dock, unlocked the trailer brake, and locked the tractor brake so that the tractor wheels could not move. As he pulled himself onto the loading dock to close the trailer door, he slipped, and his leg became wedged between the loading dock and the trailer. Although he felt no physical pain at that time, he could not free himself and began to yell for help and bang on a loading dock door in an effort to get someone to help him.
{¶ 6} About ten minutes later, Reese heard Carter and drove to the AIC Contracting lot. Carter told him to “get in my truck, move it forward about a foot, * * * but whatever you do, don’t put it in reverse.” Reese responded, “[N]o problem.”
{¶ 7} Reese climbed into the cab of the truck and put it in neutral before realizing that he did not know how to operate it. Carter recalled that Reese “revved up” the truck three times before he heard the air brake release, and within five seconds of that happening, the trailer rolled backwards and broke his leg.
{¶ 8} Paramedics arrived four minutes later, and someone moved the truck and freed Carter’s leg. Due to the severity of the injuries, however, his right leg had to be amputated above the knee.
{¶ 9} Carter and his wife sued Reese but did not allege that he had engaged in willful or wanton misconduct. Reese asserted Ohio’s Good Samaritan statute as a *228 defense and moved for summary judgment, and the trial court granted it pursuant to the statute.
{¶ 10} The court of appeals affirmed and held that R.C. 2305.23
applies to any person, health care professional or otherwise, who administers “emergency care,” medical or otherwise, at the scene of an emergency and who meets the remaining requirements of the statute, e.g., their acts do not constitute willful or wanton misconduct.
(Emphasis sic.) 2014-Ohio-5395, 25 N.E.3d 1086, ¶ 15. The court explained that an emergency situation exists when a man’s leg is pinned between a truck and a loading dock, that Reese’s actions in attempting to move the truck constituted emergency care because he was trying to resolve the emergency created by Carter, and further, that Reese did not commit willful or wanton misconduct.
{¶ 11} The Carters appealed and we accepted the following proposition of law for review:
The trial court committed reversible error in granting Appellees’ motion for summary judgment, and the court of appeals committed error in affirming the judgment, because the protection afforded under the Ohio Good Samaritan statute, R.C. 2305.23, is limited in scope and application to health care responders providing emergency medical care or treatment to another individual at the scene of an emergency and who otherwise satisfy the statute.
The Parties to the Appeal
{¶ 12} On appeal to this court, the Carters urge that R.C. 2305.23 provides immunity from civil liability only for health care professionals and trained first responders who voluntarily administer emergency medical care and treatment to injured persons at the scene of an emergency and that it is for the General Assembly to amend R.C. 2305.23 if it intends for the statute to immunize any person who voluntarily administers emergency nonmedical care or treatment. In support of their position, they point to language in the statute excluding coverage for emergency care or treatment that is administered in a hospital, doctor’s office, or other place having proper medical equipment or for care rendered with the expectation of remuneration and language regarding law enforcement officers and fire fighters acting as part of their duties. The Carters also note that this court stated in footnote five in Primes v. Tyler, 43 Ohio St.2d 195, 205, 331 *229 N.E.2d 723 (1975), that R.C. 2305.23 applies to those who render medical treatment and that appellate courts have followed Primes, and they assert that the General Assembly is presumed to know the decisions of this court, but it has not amended the Good Samaritan statute. They also assert that the lower courts’ interpretation of R.C. 2305.23 emasculates the common law rule that Good Samaritans have a duty to exercise reasonable care. They finally contend that Reese did not administer any emergency care or treatment when he attempted to move the truck.
{¶ 13} Reese argues that R.C. 2305.23 applies to any person, regardless of profession, and that the legislature could have used the phrase “health care professionals” if it had intended the statute to protect only those individuals. Reese contends that limiting R.C. 2305.23 to those rendering emergency medical care or treatment would require this court to add the word “medical” to the statute and asserts the appellate court correctly determined he provided emergency care in attempting to free Carter’s leg and therefore he is protected by R.C. 2305.23. Notably, Reese does not claim that he provided emergency treatment.
Issues on Appeal
{¶ 14} This case presents our court with two separate questions involving the legislative intent behind Ohio’s Good Samaritan statute.
{¶ 15} First, what did the General Assembly intend by using the phrase “no person shall be liable in civil damages” — did it intend to include only health care professionals who administer emergency care or treatment at the scene of an emergency, or, more broadly, to include any person who administers emergency care or treatment at the scene of an emergency?
{¶ 16} Second, what did the General Assembly intend by using the phrase “administering emergency care” — did it intend to limit emergency care to only the administration of medical care, or, did it intend to include all forms of care administered at the scene of an emergency?
{¶ 17} Our interpretation of Ohio’s Good Samaritan statute and resolution of these questions present matters of first impression in our court. Other jurisdictions, however, have considered similar questions in connection with their respective Good Samaritan statutes, and their decisions are instructive in resolving these questions.
Historical Perspective

Common Law

{¶ 18} The common law in Ohio is that a bystander has no affirmative duty to aid or protect another absent a special relationship justifying the imposition of a *230 duty. Estates of Morgan v. Fairfield Family Counseling Ctr., 77 Ohio St.3d 284, 293, 673 N.E.2d 1311 (1997), citing 2 Restatement of the Law 2d, Torts, Sections 314-319, at 116-130 (1965); see also Gelbman v. Second Natl. Bank of Warren, 9 Ohio St.3d 77, 79, 458 N.E.2d 1262 (1984). However, one who voluntarily and gratuitously renders services to another for the protection of the other person is liable at common law for injuries resulting from his failure to exercise reasonable care under the circumstances. See 2 Restatement of the Law 2d, Torts, Section 323 (1965); Keeton, Dobbs, Keeton & Owen, Prosser & Keeton on the Law of Torts, Section 56, 378 (5th Ed.1984).

Good Samaritan Statutes

{¶ 19} In 1959, California enacted the nation’s first Good Samaritan statute, which provided that no physician or podiatrist, “who in good faith renders emergency care at the scene of the emergency, shall be liable for any civil damages as a result of any acts or omissions by such person in rendering the emergency care.” CaLBus. & Prof.Code 2144, enacted 1959, now codified as Cal.Bus. & Prof.Code 2395. See generally Brandt, Good Samaritan Laws — The Legal Placebo: A Current Analysis, 17 Akron L.Rev. 303, 305 (1983), fn. 23. Commentators have explained that California’s legislature sought to encourage physicians to provide emergency treatment to injured persons in emergency situations without fear of liability for malpractice. See 17 Akron L.Rev. at 306, 332; see also Waisman, Negligence, Responsibility, and the Clumsy Samaritan: Is there a Fairness Rationale for the Good Samaritan Immunity?, 29 Ga.St.U.L.Rev. 609, 628-630 (2013).
{¶ 20} Since that time, every state has enacted some version of Good Samaritan legislation. Id. at 631; see also Annotation, Construction and Application of “Good Samaritan” Statutes, 68 A.L.R.4th 294, 300 (1989). These statutes generally fall into three categories — those that specifically include by reference only medically trained persons; those that apply to the rendition of medical aid by any person; and those that more broadly apply to any person rendering emergency care, treatment, or other kinds of ássistance without expressly requiring that such actions be medical in nature.

I. Only Medically Trained Persons

{¶ 21} Five states have Good Samaritan statutes that, with certain exceptions, expressly exclude only medically trained persons from liability for civil damages. See Conn.Gen.Stat.Ann. 52-557b(a) (“A person licensed to practice medicine and surgery * * * or dentistry * * *, a person licensed as a registered nurse * * * or certified as a licensed practical nurse * * *, a medical technician or any person operating a cardiopulmonary resuscitator or a person trained in cardiopulmonary resuscitation * * * or a person operating an automatic external *231 defibrillator, who * * * renders emergency medical or professional assistance to a person in need thereof, shall not be liable to such person assisted for civil damages * * * ”); Ill.Comp.Stat.Ann. Chapter 745, 49/25 (“Any person licensed under the Medical Practice Act of 1987 or any person licensed to practice the treatment of human ailments in any other state * * * who, in good faith, provides emergency care * * * shall not * * * be liable for civil damages * * * ”); Ky.Rev.Stat.Ann. 411.148(1) (“No physician * * *, registered or practical nurse * * *, person certified as an emergency medical technician * * *, person certified * * * to perform cardiopulmonary resuscitation, or employee of any board of education * * * who has completed a course in first aid and who maintains current certification * * * shall be liable in civil damages for administering emergency care or treatment at the scene of an emergency * * * ”); Mieh.Comp.Laws Ann. 691.1501(1) (“A physician, physician’s assistant, registered professional nurse, licensed practical nurse, or licensed EMS provider who in good faith renders emergency care * * * is not liable for civil damages * * * ”); Mo.Stat.Ann. 537.037.1(1) (“Any physician or surgeon, registered professional nurse or licensed practical nurse * * * and any person licensed as a mobile emergency medical technician * * * may * * * render emergency care or assistance * * * at the scene of an emergency * * *, and shall not be liable for any civil damages * * * ”). (Emphases added.)

II. Any Person Rendering Medical Assistance

{¶ 22} Four states have Good Samaritan statutes that apply to any person but expressly limit protection from liability to the rendering of medical aid through use of terms such as “first aid,” “medical attention,” and “health care treatment.” See Idaho Code Ann. 5-330 (“That no action shall lie or be maintained for civil damages * * * against any person * * * who * * *, being at, or stopping at the scene of an accident, offers and administers first aid or medical attention * * * ”); N.C.Gen.StatAnn. 90-21.14(a) (“Any person * * * who * * * renders first aid or emergency health care treatment to a person who is unconscious, ill or injured * * * shall not be liable for damages * * * ”); Okla.Stat.Ann., Title 76, 5(a)(2) (“any person who * * * renders or attempts to render emergency care consisting of artificial respiration, restoration of breathing, or preventing or retarding the loss of blood, or aiding or restoring heart action or circulation of blood to the victim or victims of an accident or emergency * * * shall not be liable for any civil damages”); Or.Rev.Stat.Ann. 30.800(2) (“No person may maintain an action for damages for injury, death or loss that results from acts or omissions of a person while rendering emergency medical assistance * * * ”). (Emphases added.)

*232
III. Anyone Rendering Emergency Care, Treatment, or Other Assistance

{¶ 23} The remaining states have Good Samaritan statutes that broadly apply to any person who renders emergency care, treatment, or other kinds of assistance without an express requirement that those acts be medical in nature. See Ala.Code 6-5-332(g) (“Any person, who * * * renders emergency care at the scene of an accident or emergency * * * shall not be liable for any civil damages * * * Alaska Stat-Ann. 09.65.090(a) (“A person * * * who renders emergency care or emergency counseling * * * is not liable for civil damages * * * ”); Ariz.Rev.Stat.Ann. 32-1471 (“Any health care provider * * * or any other person who renders emergency care at a public gathering or at the scene of an emergency occurrence * * * shall not be liable for any civil or other damages * * * ”); Ark.Code Ann. 17 — 95—101(b) (“Any person who is not a health care professional who is present at an emergency or accident scene and who * * * [proceeds to lend emergency assistance or service * * * shall not be held liable in civil damages * * * ”) (subdivision (a) of the statute covers health care professionals); CaLHealth & Safety Code 1799.102(b)(2) (“no person who * * * renders emergency medical or nonmedical care or assistance at the scene of an emergency shall be liable for civil damages * * * ”); Colo.Rev.Stat.Ann. 13-21-108(1) (“Any person licensed as a physician and surgeon * * * or any other person, who * * * renders emergency care or emergency assistance * * * at the place of an emergency or accident * * * shall not be liable for any civil damages * * * ”); Del.Code Ann., Title 16, 6801(a) (“any person who * * * renders first aid, emergency treatment or rescue assistance * * * shall not be liable for damages * * * ”); Fla.Stat.Ann. 768.13(2)(a) (“Any person * * * who * * * renders emergency care or treatment * * * in direct response to emergency situations * * * shall not be held liable for any civil damages * * * ”); Ga.Code Ann. 51-l-29(a) (“Any person * * * who * * * renders emergency care at the scene of an accident or emergency * * * shall not be liable for any civil damages * * * ”); Haw.Rev.Stat.Ann. 663-1.5(a) (“Any person who * * * renders emergency care * * * at the scene of an accident or emergency * * * shall not be liable for any civil damages * * * ”); Ind.Code Ann. 34-30-12~l(b) (“a person who * * * renders emergency care at the scene of the emergency or accident is immune from civil liability * * * ”); Iowa Code Ann. 613.17(1) (“A person, who * * * renders emergency care or assistance * * * shall not be liable for any civil damages * * * ”); Kan.Stat.Ann. 65-2891b (“Any person who is not a health care provider * * * who * * * renders emergency care or assistance * * * at the scene of an emergency or accident shall not be liable for any civil damages * * * ”) (Kan.Stat.Ann. 65-2891 contains a similar provision for health care providers); La.Stat.Ann., Title 9, 2793(A) (“No person who * * * renders emergency care, first aid or rescue at the scene of an emergency * * * shall be liable for any civil damages * * * ”); Me.Rev.Stat.Ann., Title 14, 164 (“any person who *233 * * * renders first aid, emergency treatment or rescue assistance * * * shall not be liable for damages * * * ”); Md.Code Ann., Courts & Judicial Proceedings, 5-603(c) (“An individual * * * is not civilly liable for any act or omission in providing assistance or medical aid * * * ”); Mass.Gen.Laws Ann., Chapter 112, 12Y (“Any person who * * * attempts to render emergency care * * * shall not be liable * * * ”); Minn.Stat.Ann. 604A.01(2)(a) (“A person who * * * renders emergency care, advice, or assistance at the scene of an emergency * * * is not liable for any civil damages * * * ”); Miss.Code Ann. 73-25-37(1) (“No duly licensed, practicing physician, physician assistant, dentist, * * * or any other person who * * * renders emergency care to any injured person at the scene of an emergency * * * shall be liable for any civil damages * * * ”); Mont.Code Ann. 27-1-714(1) (“Any person licensed as a physician and surgeon * * * or any other person who * * * renders emergency care or assistance * * * at the scene of an emergency or accident is not liable for any civil damages * * * ”); Neb.Rev.Stat.Ann. 25-21,186 (“No person who renders emergency care at the scene of an accident or other emergency * * * shall be held liable for any civil damages * * * ”); Nev.Rev.Stat.Ann. 41.500(1) (“any person * * * who renders emergency care or assistance in an emergency * * * is not liable for any civil damages * * * ”); N.H.Rev.Stat.Ann. 508:12(1) (“If any person * * * renders emergency care at the place of the happening of an emergency * * * the person who renders the care is not liable in civil damages * * * ”); N.J.Stat.Ann. 2A:62A-1 (“Any individual * * * who * * * renders emergency care at the scene of an accident or emergency * * * shall not be liable for any civil damages * * * ”); N.M.StatAnn. 24-10-3 (“No person who comes to the aid or rescue of another person by providing care or assistance * * * at or near the scene of an emergency * * * shall be held liable for any civil damages * * * ”); N.Y.Public Health Law 3000-a(l) (“any person who * * * renders first aid or emergency treatment at the scene of an accident ⅝ * * shall not be liable for damages * * * ”); N.D.Code Ann. 32-03.1-02 (“No person * * * who renders aid or assistance necessary or helpful in the circumstances * * * may be named as a defendant or held liable in any personal injury civil action * * * ”); 42 Pa.Cons.Stat. 8332(a) (“Any person * * * who * * * renders emergency care, treatment, first aid, or rescue at the scene of an emergency * * * shall not be liable for any civil damages * * * ”); R.I.Gen.Laws Ann. 9-1-27.1 (“No person who * * * renders emergency assistance * * * shall be liable for civil damages * * * ”); S.C.Code Ann. 15-1-310 (“Any person, who * * * renders emergency care at the scene of an accident or emergency * * * shall not be liable for any civil damages * * * ”); S.D.Codified Laws 20-9-4.1 (“No peace officer, conservation officer, member of any fire department, police department and their first aid, rescue or emergency squad, or any citizen acting as such as a volunteer, or any other person is liable * * * in the course of their rendering in good faith, any *234 emergency care and services during an emergency * * * ”); Tenn.Code Ann. 63-6-218(b) (“Any person * * * shall not be liable to victims or persons receiving emergency care for any civil damages as a result of any act or omission by such person in rendering the emergency care * * * ”); Tex.Civ.Practice & Remedies Code Ann. 74.151(a) (“A person who * .. administers emergency care is not liable in civil damages for an act performed during the emergency * * * ”); Utah Code Ann. 78B-4-501(l) (“A person who renders emergency care at or near the scene of, or during an emergency * * * is not liable for any civil damages * * * ”); Vt.Stat.Ann., Title 12, 519(b) (“A person who provides reasonable assistance [to a person “exposed to grave physical harm”] shall not be liable in civil damages * * * ”); Va.Code Ann. 8.01-225(A)(1) (“Any person who * * * renders emergency care or assistance * * * at the scene of an accident, fire, or any life-threatening emergency * * * shall not be liable for any civil damages * * * ”); Wash.Rev.Code Ann. 4.24.300(1) (“Any person, * * * who * * ⅜ renders emergency care at the scene of an emergency or who participates in transporting * * * therefrom an injured person * * * for emergency medical treatment shall not be liable for civil damages * * * ”); W.Va.Code Ann. 55-7-15 (“No person * * * who * * * renders emergency care at the scene of an accident * * * shall be liable for any civil damages * * * ”); Wisc.Stat.Ann. 895.48(1) (“any person who renders emergency care at the scene of an emergency or accident * * * shall be immune from civil liability”); Wyo.Stat.Ann. l-l-120(a) (“Any person licensed as a physician and surgeon * * * or any other person, who * * * renders emergency care or assistance * * * at the place of an emergency or accident, is not liable for any civil damages * * * ”). (Emphases added.)
Law and Analysis

Ohio’s Good Samaritan Statute

{¶ 24} R.C. 2305.23 provides:
No person shall be liable in civil damages for administering emergency care or treatment at the scene of an emergency outside of a hospital, doctor’s office, or other place having proper medical equipment, for acts performed at the scene of such emergency, unless such acts constitute willful or wanton misconduct.
Nothing in this section applies to the administering of such care or treatment where the same is rendered for remuneration, or with the expectation of remuneration, from the recipient of such care or treatment or someone on his behalf. The administering of such care or treatment by one as a part of his duties as a paid member of any organization of law *235 enforcement officers or fire fighters does not cause such to be a rendering for remuneration or expectation of remuneration.
{¶ 25} Regarding the first question — whether R.C. 2305.23 applies only to health care professionals — the statute expressly states, “No person shall be liable in civil damages * * (Emphasis added.) If the legislature had intended that this statute apply only to health care professionals, it could have expressed its intent by using a more limiting phrase such as “no health care professional shall be liable in civil damages” or by naming the categories of individuals it intended to exclude from liability, e.g., physicians or nurses. And Ohio’s General Assembly knows how to express its intent in this regard because in R.C. 2305.231, the statute immediately following R.C. 2305.23, it stated:
(B) No physician who volunteers the physician’s services as a team physician or team podiatrist to a school’s athletics program, no dentist who volunteers the dentist’s services as a team dentist to a school’s athletics program, and no registered nurse who volunteers the registered nurse’s services as a team nurse to a school’s athletics program is liable in damages in a civil action for administering emergency medical care, emergency dental care, other emergency professional care, or first aid treatment to a participant in an athletic event involving the school, at the scene of the event * * *, or for acts performed in administering the care or treatment, unless the acts of the physician, dentist, or registered nurse constitute willful or wanton misconduct.
(Emphasis added.)
{¶ 26} Obviously, the General Assembly did not similarly limit the scope of Ohio’s Good Samaritan statute; rather, by stating that no person shall be liable in civil damages, it expressed its intent that the statute apply to anyone who otherwise meets the statutory requirements. Compare Mendenhall v. Akron, 117 Ohio St.3d 33, 2008-Ohio-270, 881 N.E.2d 255, ¶ 25 (by using the phrase “[n]o person shall operate a motor vehicle” in R.C. 4511.21(A), the General Assembly “extends [the statute’s] application to the citizens of the state generally and does not single out any group or class for different treatment”). Thus, Ohio joins the majority of states that extend application of their Good Samaritan legislation to all persons and not only to those in the health care profession.
{¶ 27} We recognize that the title of the act containing the original version of Ohio’s Good Samaritan statute states its purpose: “To enact section 2305.23 of the Revised Code, relative to the liability of physicians and nurses for emergency treatment.” Am.Sub.S.B. No. 14, 130 Ohio Laws 1424. However, while the title *236 of an act is sometimes helpful in arriving at legislative intent, it is not dispositive. Columbus Bldg. & Constr. Trades Council v. Moyer, 163 Ohio St. 189, 200, 126 N.E.2d 429 (1955). “The title of an act is never employed to defeat the clear intent of the Legislature.” Wachendorf v. Shaver, 149 Ohio St. 231, 243, 78 N.E.2d 370 (1948).
{¶ 28} Ohio’s Good Samaritan statute applies to any person who administers emergency care or treatment at the scene of an emergency including but not limited to health care professionals.
{¶29} Regarding the second question — whether the phrase “administering emergency care” is limited to medical attention or more broadly includes other forms of assistance — because the legislature did not define any of these terms in R.C. 2305.23, we “look to the plain and ordinary meaning of the words.” Hewitt v. L.E. Myers Co., 134 Ohio St.3d 199, 2012-Ohio-5317, 981 N.E.2d 795, ¶ 17.
{¶ 30} The term “administer” means, inter alia, “[f]urnish, supply, give.” 1 Shorter Oxford English Dictionary 28 (5th Ed.2002). See also Webster’s Third New International Dictionary 27 (1986) (definition of “administer” includes “to mete out”).
{¶ 31} An “emergency” is “an unforeseen combination of circumstances or the resulting state that calls for immediate action.” Webster’s at 741. See also 1 Shorter Oxford at 814 (an emergency is “[a] situation, esp. of danger or conflict, that arises unexpectedly and requires urgent action”); Utah Code Ann. 78B-4-501(1) (for purposes of Utah’s Good Samaritan statute, emergency “means an unexpected occurrence involving injury, threat of injury, or illness to a person or the public, including motor vehicle accidents, disasters, actual or threatened discharges, removal, or disposal of hazardous materials, and other accidents or events of a similar nature”).
{¶ 32} The dissenting opinion of the Chief Justice objects to the definition of an “emergency” including the phrase “an unforeseen combination of circumstances.” That dissenting opinion notes that some injuries are “wholly foreseeable, but nonetheless, they require immediate, urgent care,” opinion at ¶ 51, and “would not limit an ‘emergency’ for purposes of R.C. 2305.23 to those situtations that are unforeseeable,” id. at ¶ 61. It uses the terms “unforeseen” and “unforeseeable” as if they are interchangeable. They are not.
{¶ 33} “Unforeseen” means unexpected — a term used in several definitions of an “emergency” relied upon by the dissenting opinion. Webster’s at 2496. In contrast, “unforeseeable” means “incapable of being foreseen, foretold, or anticipated.” Id. A combination of circumstances may be unforeseen or unexpected by the individuals experiencing them even though those circumstances were capable of being foreseen.
*237 {¶ 34} “Care” includes “responsibility for or attention to safety and well-being.” Webster’s at 338. See also 1 Shorter Oxford at 345 (“care” includes “[s]erious attention”); Willingham v. Hudson, 274 Ga.App. 200, 204, 617 S.E.2d 192 (2005), quoting Anderson v. Little & Davenport Funeral Home, 242 Ga. 751, 753, 251 S.E.2d 250 (1978) (applying definition of “emergency care” used by the Georgia Supreme Court in a “similar statutory context,” i.e., “ ‘the performance of necessary personal services during an unforeseen circumstance that calls for immediate action’ ”); Utah Code Ann. 78B-4-501(l) (stating that for purposes of Utah’s Good Samaritan statute, emergency care “includes actual assistance or advice offered to avoid, mitigate, or attempt to mitigate the effects of an emergency”).
{¶ 35} To construe the phrase “administering emergency care” to mean only emergency medical care would require this court to add a descriptive adjective to the statute. Notably, in Van Horn v. Watson, 45 Cal.4th 322, 325-326, 331, 86 Cal.Rptr.3d 350, 197 P.3d 164 (2008), that is what the Supreme Court of California did when it determined that the phrase “emergency care” in that state’s Good Samaritan statute meant emergency medical care at the scene of a medical emergency, despite the fact that the legislature had not used that limiting adjective. The California legislature amended the statute the following year to clarify that emergency care meant “emergency medical or nonmedical care.” (Emphasis added.) CaLHealth & Safety Code 1799.102(b)(2).
{¶ 36} Similarly, the Ohio General Assembly used the phrase “emergency care,” not “emergency medical care,” and therefore, its intent is more expansive and includes both medical and nonmedical emergency care.
{¶ 37} We recognize that footnote five in Primes, 43 Ohio St.2d at 201, 331 N.E.2d 723, states that R.C. 2305.23 “singles out a group of benevolently-disposed individuals for immunity from negligent injury to persons while rendering medical treatment during the exigencies of an emergency.” (Emphasis added.) In that case, however, we determined only that R.C. 4515.02, Ohio’s guest statute, was unconstitutional and did not address the scope or application of the Good Samaritan statute.
{¶ 38} Thus, the phrase “administering emergency care” as used in Ohio’s Good Samaritan statute includes rendering medical and any other form of assistance to the safety and well-being of another when the result of an unforeseen combination of circumstances calls for immediate action. Compare Wallace v. Hall, 145 Ga.App. 610, 610-611, 244 S.E.2d 129 (1978) (holding that a former version of Georgia’s Good Samaritan statute, which is similar to the current version and protected “[a]ny person” who “in good faith renders emergency care at the scene of an accident or emergency,” applied to a homeowner who, when a repairman was injured in a fall at her house, aggravated his injuries *238 by transporting him home); Held v. Rocky River, 34 Ohio App.3d 35, 38-39, 516 N.E.2d 1272 (8th Dist.1986) (holding that an off duty firefighter rendered emergency care for purposes of R.C. 2305.23 in moving another firefighter who was lying unconscious under a stream of rushing water).
{¶ 39} A careful reading of R.C. 2305.23 reveals that the statute contains two significant prepositional phrases: “No person shall be liable in civil damages [1] for administering emergency care or treatment at the scene of an emergency * * * [2] for acts performed at the scene of such emergency * * ⅜.” When a court interprets the meaning of a statute, it “must give effect to all of the statute’s words.” Stolz v. J & B Steel Erectors, Inc., 146 Ohio St.3d 281, 2016-Ohio-1567, 55 N.E.3d 1082, ¶ 9. The latter prepositional phrase in R.C. 2305.23 precludes liability for any acts performed at the scene of an emergency and further supports the conclusion that the General Assembly intended for the phrase “administering emergency care” to broadly include nonmedical care. In this regard, Ohio’s statute is similar to statutes of other states that broadly apply to any type of assistance given at the scene of an emergency. Compare Ark.Code Ann. 17 — 95—101(b) (protecting anyone who lends “emergency assistance or service”); Iowa Code Ann. 613.17(1) (protecting anyone who renders “emergency care or assistance”).
{¶ 40} The uncontested facts in this case show that Reese performed acts at the scene of an emergency that constituted administering “emergency care” to Carter. Carter slipped, his leg became wedged between a loading dock and a trailer, and he could not free himself from a situation that resulted from an unforeseen combination of circumstances, called for immediate action, and thus constituted an “emergency” for purposes of R.C. 2305.23. In responding, Reese administered care and performed an act at the scene of the emergency by attempting to move the truck in an effort to free Carter’s leg, and there is no allegation that his conduct was willful or wanton. Accordingly, R.C. 2305.23 applies to Reese, and he is not liable in civil damages to the Carters.
Conclusion
{¶ 41} Ohio’s Good Samaritan statute applies to any person who administers emergency care or treatment at the scene of an emergency including but not limited to health care professionals. Moreover, the phrase “administering emergency care” in the statute is not limited to medical acts and includes rendering medical and any other form of assistance to the safety and well-being of another when the result of an unforeseen combination of circumstances calls for immediate action. Because Reese performed acts at the scene of an emergency in administering emergency care to Carter and there is no allegation of willful or *239 wanton misconduct, pursuant to R.C. 2305.23, he is not liable in civil damages. Accordingly, we affirm the judgment of the court of appeals.
Judgment affirmed.
Kennedy, French, and O’Neill, JJ., concur.
O’Connor, C.J., dissents, with an opinion joined by Lanzinger, J.
Pfeifer, J., dissents, with an opinion.