NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0454n.06

Case Nos. 24-3106/3107

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

GREGORY P. CASSELS, OLGA CASSELS,

    Plaintiffs-Appellants,

v.

SCHNEIDER NATIONAL CARRIERS, INC.;
RODNEY KARL,

    Defendants-Appellees

_____

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

    Plaintiff-Appellant,

v.

SCHNEIDER NATIONAL CARRIERS, INC.;
RODNEY KARL,

    Defendants-Appellees.

FILED

Nov 15, 2024
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF
OHIO

OPINION

Before: SILER, GRIFFIN, and MATHIS, Circuit Judges.

**SILER, Circuit Judge.** Plaintiffs-Appellants Gregory Cassels, his wife Olga, (hereinafter "Cassels") and their insurer, Farm Bureau General Insurance Company of Michigan, appeal the district court's order granting summary judgment in favor of Defendants-Appellees Rodney Karl and his employer, Schneider National Carriers, Inc. The district court held that Ohio's Good Samaritan Statute immunized Karl and Schneider from liability for Karl's alleged negligence while

helping Cassels remove an object blocking a roadway. Because Cassels' and Farm Bureau's arguments are procedurally defective, we affirm.

**I.**

Gregory Cassels was driving in the southbound lane of Ohio State Route 309, a two-lane highway, when he saw a large roll of carpet padding fall from a pickup truck's trailer and block the northbound lane. The pickup truck's driver did not stop and has never been identified. Cassels pulled over and parked on the southbound lane's shoulder.

Meanwhile, Rodney Karl was driving a semitruck in the northbound lane. When he saw the carpet padding, he braked and came to a complete stop in the road about a car length from it. By the time he stopped, Karl saw Cassels already in the road struggling to move the carpet padding alone. Worried that Cassels would be hit by a passing southbound car, Karl exited his semitruck to assist Cassels. Karl did not place cones, safety triangles, or flares to indicate that his semitruck was parked. Together, Karl and Cassels moved the carpet padding off the east side of the northbound lane.

Glen Koons, also driving north on State Route 309, could not stop his pickup truck, so he swerved onto the shoulder of the northbound lane to avoid hitting Karl's semitruck. Koons hit Cassels, severely injuring him.

Two federal lawsuits arose from this accident. Farm Bureau sued Koons, Karl, and Schneider in the United States District Court for the Southern District of Ohio to recover insurance payments it made to Cassels. In a separate action, Cassels sued Koons,[1] Karl, and Schneider in

---

[1] Cassels and Farm Bureau have settled their claims against Koons, who is not a party to this appeal.

the Southern District of Ohio, asserting various tort claims.[2]  The district court consolidated the cases.  It later granted summary judgment to Schneider and Karl based on Ohio Rev. Code § 2305.23, the Good Samaritan Statute, which provides immunity from liability to those who assist others in an emergency.  The district court reasoned that Cassels' presence on the road was an emergency because he could have been hit by passing southbound cars, and because Karl acted to help Cassels, his alleged negligence—parking in the road without placing cones or flares—fell under the Good Samaritan Statute.

## II.

The standard of review for a district court's grant of summary judgment is de novo.  *Moore v. Coca-Cola Bottling Co. Consol.*, 113 F.4th 608, 617 (6th Cir. 2024).  "Summary judgment is appropriate if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Id.* (quoting Fed. R. Civ. P. 56(a)).  When making that determination, we must "view the evidence in the light most favorable to the non-movant and resolve all factual disputes in his favor."  *Id.* (quoting *Griffin v. Finkbeiner*, 689 F.3d 584, 592 (6th Cir. 2012)).  But "[w]e will not entertain for the first time on appeal [a party's] argument that there was a genuine factual dispute . . . because, generally, arguments that were not adequately raised or preserved in the district court are consequently waived on appeal."  *Reed v. City of Memphis*, 735 F. App'x 192, 202 (6th Cir. 2018) (collecting cases).  Nor will we consider arguments "adverted to in a perfunctory manner[.]"  *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) (citation omitted).

---

[2] Cassels also initially sued Farm Bureau, but he later omitted the claims against it from his First Amended Complaint.

### III.

### A.

Cassels' sole argument on appeal is that the district court erred in applying the Good Samaritan Statute because its analysis was improperly based on Karl's version of the facts—that Cassels arrived at the carpet padding first and was attempting to move it alone when Karl exited his semitruck to help Cassels. For the first time on appeal, Cassels contends that there is a factual dispute about whether Karl or Cassels stopped to help the other. Cassels points to his own testimony that the carpet padding fell, "[t]hen the truck driver stopped in front of it, I pulled over to the side, got out, checked traffic, helped him move it." The district court did not err in accepting Karl's version of the facts because Cassels judicially admitted the facts below.

In their motion for summary judgment, Schneider and Karl submitted that the undisputed facts were that Cassels was standing in the road and moving the carpet padding when Karl stopped and exited his semitruck to help Cassels. Cassels did not raise a factual dispute in his response to the motion, instead reciting the same facts as Schneider and Karl: "When Defendant Karl came upon the situation . . . . Mr. Cassels was moving the carpet padding off the road[] and was already in Mr. Karl's lane of travel. Traffic was able to pass in the opposite direction."

That recitation constitutes a binding judicial admission that prevents Cassels from raising the factual dispute on appeal. *See Karkoukli's, Inc. v. Dohany*, 409 F.3d 279, 283 (6th Cir. 2005) (citing *Ferguson v. Neighborhood Hous. Serv. of Cleveland, Inc.*, 780 F.2d 549, 550–51 (6th Cir. 1986)). Put differently, Cassels had the duty to demonstrate that there was a factual dispute to defeat summary judgment, but he did not, so the district court did not err in accepting those facts as undisputed. *See Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 406 (6th Cir. 1992) ("Rule [56] requires the non-moving party to do its own work, and to assist the trial court by responding to the

motion, pointing out as specifically as is reasonably possible facts that might demonstrate the existence of genuine issues.").

### B.

Farm Bureau raises two points of error. First, it contends that the district court erred in applying the Good Samaritan Statute because Cassels was not the one in an emergency, Karl was. An emergency for the purpose of the Good Samaritan Statute is "an unforeseen combination of circumstances or the resulting state that calls for immediate action." *Carter v. Reese*, 70 N.E.3d 478, 487 (Ohio 2016) (quoting *Webster's Third New International Dictionary of the English Language* 741 (1986)). The district court reasoned that Cassels' presence in the road fit the definition because Cassels was struggling to move the carpet padding while 55-mile-per-hour traffic passed him, "expos[ing] him to a substantial threat of injury[.]"

Farm Bureau baldly asserts that Karl faced the emergency and Cassels acted to assist him, so Karl is not entitled to the Good Samaritan Statute's protection. Farm Bureau does not explain or support this argument until its reply brief, where it goes something like this: The carpet padding in the road presented an emergency for Karl because it blocked his path. But, says Farm Bureau, Cassels' attempt to remove it was not another emergency that required Karl's immediate assistance because an emergency must be unforeseen, while Cassels' actions were foreseeable because danger invites rescue. Because Farm Bureau failed to develop this argument until its reply, it is waived. *See McPherson*, 125 F.3d at 995–96 ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (alterations in original) (quoting *Citizens Awareness Network, Inc. v. U.S. Nuclear Regul. Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995)); *Am. Trim, L.L.C. v. Oracle Corp.*,

383 F.3d 462, 477 (6th Cir. 2004) (observing that we have consistently held that we will not consider an argument raised for the first time in a reply brief).

In any event, Farm Bureau is wrong. While the definition of "emergency" does include the word "unforeseen," *Carter*, 70 N.E.3d at 487, it does not limit emergencies to unforeseeable situations. In *Carter*, the Ohio Supreme Court explained that "unforeseen" and "unforeseeable" are not interchangeable and that "[a] combination of circumstances may be unforeseen or unexpected by the individuals experiencing them even though those circumstances were capable of being foreseen." *Id.*

Second, Farm Bureau argues that the district court erred in holding that Karl administered emergency care to Cassels because Karl acted for his own benefit. The district court rejected this argument, holding that the Good Samaritan Statute does not contain an intent element and the caselaw does not support one.

Farm Bureau does not analyze the district court's holding or explain how it erred. It cites no authority to support its proposition that Ohio's Good Samaritan Statute requires Karl to have had an entirely selfless motivation to help. Nor has Farm Bureau pointed to any record evidence of Karl's purported self-interest. It relies only on speculation that Karl was not acting to help Cassels, that he wanted to move the carpet padding to keep driving, and that he would have had to move it anyway even if Cassels were not there. Because Farm Bureau made no attempt to develop this argument, we decline to consider it, *see McPherson*, 125 F.3d at 995, and hold that the district court did not err.

AFFIRMED.